**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **TRAVCO INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 3:22-cv-00135** |
| ) | |
| **TROY PATTESON,** ) | |
| ) | |
| **Serve:** ) | |
| ) | |
| **Larry Edmonds, Lead Warden** ) | |
| **Greensville Correctional Center** ) | |
| **901 Corrections Way** ) | |
| **Jarratt, VA  23870** ) | |
| ) | |
| **and** ) | |
| ) | |
| **COLIN PATTESON,** ) | |
| ) | |
| **Serve:** ) | |
| ) | |
| **3184 Huguenot Trail** ) | |
| **Powhatan, VA  23139** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff TRAVCO Insurance Company ("TRAVCO"), by counsel, states as follows as its

Complaint against Troy Patteson ("Patteson") and Colin Patteson:

**I.      Parties**

1.      Plaintiff TRAVCO is a corporation organized and existing under the laws of the

State of Connecticut with its principal place of business in Connecticut.  At all relevant times,

TRAVCO was duly authorized to conduct the business of insurance in the Commonwealth of Virginia.

2.      Defendant Troy Patteson is a natural person and United States citizen, domiciled in Powhatan, Virginia.

3.      Defendant Colin Patteson is a natural person and United States citizen, domiciled in Powhatan, Virginia.  Colin Patteson is a nominal party in that he has no control of, impact on, or stake in this controversy.

## II.      Jurisdiction and Venue

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III.      Facts

### A.      The Underlying Suit

7.      On or about June 7, 2021, Colin Patteson filed suit against Troy Patteson in the Powhatan County Circuit Court seeking damages of $2,500,000 and punitive damages of $350,000 for injuries he sustained in connection with Troy Patteson's discharge of a firearm on July 22, 2018 in Powhatan, Virginia.  The matter, which remains pending, is styled *Colin B. Patteson v. Troy Patteson*, Case No. CL21000699-00 (the "Underlying Suit").  On December 10, 2021, Colin Patteson filed an Amended Complaint in the Underlying Suit ("Amended Complaint").  A copy of the Amended Complaint is attached as Exhibit A.

8.      The Amended Complaint alleges that on or about July 22, 2018, Colin Patteson was visiting Troy Patteson at his residence.  Exhibit A, ¶ 4.

9.      The Amended Complaint alleges that on or about July 22, 2018, Troy Patteson became angry because Colin Patteson's dog chewed his Christmas lights.  Exhibit A, ¶ 13.

10.     The Amended Complaint further alleges that Troy Patteson pulled out his 45-caliber handgun, intentionally aimed the weapon, and shot Colin Patteson in the face.  Exhibit A, ¶¶ 14, 16.

11.     The Amended Complaint further alleges that as a direct and proximate result of Troy Patteson's willful acts, Colin Patteson sustained injuries.  Exhibit A, ¶ 20.

12.     The Amended Complaint pleads counts of negligence and battery against Defendant Troy Patteson, seeking $2,500,000 in damages and $350,000 in punitive damages. *See* Exhibit A.

**B.      The TRAVCO Policy**

13.     TRAVCO issued homeowners Policy No. 601092874 633 1 to "Troy Patteson" and "Deborah Patteson" as Named Insureds (the "Policy"). The Policy was effective from August 9, 2017 to August 9, 2018.  A copy of the Policy is attached hereto as Exhibit B.

14.     The Policy provides Personal Liability coverage up to a "Bodily Injury" and "Property Damage" combined limit of $300,000 per occurrence.

15.     The Policy contains a Personal Liability coverage part, which provides:

**COVERAGE E - PERSONAL LIABILITY**

If a claim is made or a suit is brought against an "insured" because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable; and

3

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle and claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" is exhausted by the payment of a judgment or settlement.

16.    The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in: a. 'bodily injury'; or b. 'property damage.'"

17.    Further, Exclusion (A)(1) provides that:

**A.  Coverage E – Personal Liability and Coverage F – Medical Payments to Others.**
Coverages E and F do not apply to "bodily injury" or "property damage":
1.  Which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":
    a.  Is of a different kind, quality or degree than initially expected or intended; or
    b.  Is sustained by a different person, entity, real or personal property, than initially expected or intended.

18.    TRAVCO is currently defending Troy Patteson in the Underlying Suit under the Policy subject to a full reservation of rights.  TRAVCO is incurring expenses daily and its attorney's fees and litigation-related expenses through trial in the Underlying Suit will exceed $75,000.

## IV.    Count I – Declaratory Judgment

19.    TRAVCO incorporates and realleges the allegations made in the preceding paragraphs.

20.    An actual controversy exists between TRAVCO and the defendant concerning whether TRAVCO has a duty under the Policy to defend and indemnify Troy Patteson for liability alleged in the Underlying Suit.

21.     There is no adequate remedy, other than that requested herein, by which these controversies may be resolved.

22.     TRAVCO seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Troy Patteson is not entitled to coverage with respect to the Underlying Suit under the Policy.

23.     TRAVCO is entitled to this declaratory judgment:

        (A)  Because Troy Patteson's conduct did not constitute an "occurrence" resulting in "bodily injury" or "property damage"; and

        (B)  Because coverage for the Underlying Suit is excluded under Exclusion (A)(1), which excludes coverage for expected or intended injuries.

        WHEREFORE, TRAVCO Insurance Company respectfully requests that this Court:

1.      Declare that TRAVCO Insurance Company has no coverage obligation under the Policy to Troy Patteson with respect to the Underlying Suit or for any related claims under the Policy or otherwise; and

2.      Award such other and further relief as this Court deems just and proper.


                                        Respectfully submitted,

                                        TRAVCO INSURANCE COMPANY


                                        By: /s/ John B. Mumford, Jr.
                                              Counsel

John B. Mumford, Jr. (VSB No.: 38764)
Jessica A. Swauger (VSB No.: 89612)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, VA  23060
jmumford@hancockdaniel.com
jswauger@hancockdaniel.com

Telephone: (804) 967-9604
Facsimile:  (804) 967-9888
*Counsel for TRAVCO Insurance Company*