IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| TRAVCO INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:22cv135–HEH |
| ) | |
| TROY PATTESON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Granting Defendants' Motions to Dismiss)

THIS MATTER is before the Court on Troy Patteson's and Colin Patteson's (collectively, "Defendants") Motions to Dismiss filed on March 29 and 30, 2022, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1).[1] (ECF Nos. 7, 10.) Plaintiff TRAVCO Insurance Company ("TRAVCO" or "Plaintiff") filed its Complaint against Defendants on March 9, 2022. (Compl., ECF No. 1.) The Court heard oral argument on the Motions to Dismiss on May 5, 2022. For the reasons stated herein, the Court will grant the Motions.

A Rule 12(b)(6) motion "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

---

[1] Defendant Colin Patteson filed a Motion to Dismiss separate from Defendant Troy Patteson (ECF No. 10.) However, the memorandum in support simply "adopts and incorporates . . . the arguments and authorities articulated in Defendant Troy Patteson's Brief in Support of his Motion to Dismiss." (ECF No. 11.) Thus, the Court will only reference Defendant Troy Patteson's Memorandum (ECF No. 8).

"A complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (alteration in original) (quoting *Tobey*, 706 F.3d at 387). However, a "complaint must provide 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Allegations have facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Tobey*, 706 F.3d at 386 (quoting *Iqbal*, 556 U.S. at 679). A court, however, "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner*, 930 F.3d at 644 (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

While a motion to dismiss tests the sufficiency of a complaint, courts may consider documents that are either "explicitly incorporated into the complaint by reference" or "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citations omitted). "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." *Id.* at 166 (alteration in original) (quoting *Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

In its Complaint, TRAVCO seeks a declaration that it has no duty to defend or indemnify Troy Patteson for any liability alleged in an underlying state case (the "underlying suit"). (Compl. ¶ 20.) The underlying suit is between Troy Patteson and Colin Patteson in the Circuit Court of Powhatan County, Virginia. (Am. State Compl. at

2

1, ECF No. 1-1.) The Amended State Complaint alleges two Counts: Negligence (Count 1) and, in the alternative, Battery (Count 2) based on the following factual scenario. (*Id.* ¶¶ 5–20.)

Colin Patteson was visiting his father, Troy Patteson, on July 22, 2018. (*Id.* ¶¶ 3–4.) During the visit, Troy Patteson was handling a firearm which discharged and struck Colin Patteson, injuring his face, jaw, and ear. (*Id.* ¶¶ 6–10.) Count 1 of the Amended State Complaint alleges that Troy Patteson negligently handled the firearm and caused it to discharge. (*Id.* ¶ 7.) In the alternative, Count 2 alleges that Troy Patteson became angry with Colin Patteson after Colin's dog chewed Troy's Christmas lights. (*Id.* ¶ 13.) Troy Patteson, who was allegedly intoxicated at the time, pulled out a handgun and intentionally shot Colin in the face. (*Id.* ¶¶ 14–16.) In the underlying suit, Colin Patteson seeks $2,500,000 in compensatory damages and $350,000 in punitive damages. (*Id.* at 3–4.)

TRAVCO issued a homeowner's insurance policy (the "Policy") to Troy Patteson and his wife, Deborah Patteson, effective from August 2017 to August 2018. (Compl. ¶ 13.) The Policy provides coverage for personal liability for "Bodily Injury" and "Property Damage" up to a combined limit of $300,000 per occurrence. (*Id.* ¶ 14.) Currently, TRAVCO is defending Troy Patteson in the underlying suit under the Policy subject to a full reservation of rights. (*Id.* ¶ 18.) Therefore, TRAVCO filed this suit seeking a declaration that it "has no coverage obligation under the Policy to Troy Patteson with respect to the [u]nderlying [s]uit or for any related claims under the Policy." (*Id.* at 5.)

3

Defendants argue the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to sufficiently allege that it does not have a duty to defend in the underlying suit. (Def.'s Mem. Supp. at 9, ECF No. 8.) Defendants assert that under the Eight Corners Rule, Plaintiff clearly has a duty to defend because the Amended State Complaint alleges a claim for negligence, which would be covered under the Policy. (*Id.* at 6–7.) While typically 12(b)(6) motions do not resolve claims on the merits, the analysis for the duty to defend only requires the Court to compare the four corners of the underlying complaint with the four corners of the insurance policy to determine if there is a possibility of coverage. *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 535 (Va. 2012); *Penn. Nat'l Mut. Cas. Ins. Co. v. Block Roofing Corp.*, 754 F. Supp. 2d 819, 822–23 (E.D. Va. 2010). This process, known as the Eight Corners Rule, does not require any factual analysis and can be done by looking at documents attached to the complaint. *Nautilus Ins. Co. v. Strongwell Corp.*, 968 F. Supp. 2d 807, 820 (W.D. Va. 2013) (finding a duty to defend and dismissing the complaint "insofar as it seeks a declaration to the contrary"). Here, Plaintiff attached the Amended State Complaint and the Policy to its Complaint. (ECF Nos. 1-1, 1-2.) Thus, the Court may consider those documents and, accordingly, use the Eight Corners Rule to decide the duty to defend at this stage. *See Goines*, 822 F.3d at 165–66.

When a federal court has diversity jurisdiction, it must apply the choice of law rules of the forum state, which, in this case, is Virginia. *CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). In Virginia, "the law of the place where an insurance contract is written and delivered" applies. *Buchanan v. Doe*,

4

431 S.E.2d 289, 291 (Va. 1993); *Block Roofing Corp.*, 754 F. Supp. 2d at 822. The Policy at issue here was delivered to Troy Patteson and his wife at their residence in Powhatan, Virginia, and thus, Virginia's substantive law applies. (Policy at 2, ECF No. 1-2.)

When deciding whether an insurance company has a duty to defend, Virginia law mandates that courts use the Eight Corners Rule. *AES Corp.*, 725 S.E.2d at 535; *Block Roofing Corp.*, 754 F. Supp. 2d at 822–23. Under the Eight Corners Rule, courts must only consider the allegations in the complaint and the insurance policy itself when deciding if there is a duty to defend. *Id.* Virginia also recognizes the "Potentiality Rule" which states that "an insurer's duty to defend is triggered if there is any possibility that a judgment against the insured will be covered under the insurance policy." *CACI Int'l, Inc.*, 566 F.3d at 155 (internal quotations omitted); *Bohreer v. Erie Ins. Grp.*, 475 F. Supp. 2d 578, 584 (E.D. Va. 2007). However, if it clearly appears that the insurance policy would not cover any of the allegations in the complaint, the insurer has no duty to defend. *Block Roofing Corp.*, 754 F. Supp. 2d at 823; *AES Corp.*, 725 S.E.2d at 535–36.

In this case, the Policy provides the insured with liability coverage for personal liability "[i]f a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' . . . caused by an 'occurrence.'" (Def.'s Mem. Supp. at 7 (quoting the Policy at 15).) Defendants argue that the negligence claim in the Amended State Complaint would be considered an "occurrence" under the Policy. (*Id.*) Therefore, Defendants assert, there is a possibility that a judgment against the insured will be covered under the Policy, triggering the duty to defend. (*Id.*) Further, Defendants state

5

that the alternative claim for battery does not absolve Plaintiff of its duty to defend and, under Virginia law, plaintiffs can plead alternative causes of actions even if they are inconsistent. (*Id.* at 8); *see Hoar v. Great E. Resort Mgmt., Inc.*, 506 S.E.2d 777, 782 (Va. 1998). Plaintiff counters that "recast[ing] intentional conduct as negligence does not create" an occurrence under the policy or otherwise bypass the "Expected or Intended Acts Exclusion" contained in the Policy. (Pl.'s Mem. Opp'n at 6, 10, ECF No. 13; Policy at 32.)

While Plaintiff is correct that a mere negligence claim or mention of negligent action is not enough to bypass an intentional acts exclusion, the Court must still look to the nature of the claim and the facts in the underlying complaint. *Markel Am. Ins. Co. v. Staples*, No. 3:09-cv-435-HEH, 2010 WL 370304, at *5 (E.D. Va. Jan. 28, 2010). The Amended State Complaint is somewhat bare in its factual description of the underlying suit.[2] It consists of four sentences describing who the parties are, where they reside, and the date of the incident. (Am. State Compl. ¶¶ 1–4.) The Amended State Complaint then sets out a meager factual scenario for "Count 1-Negligence," in which it states that Troy Patteson was "handl[ing] a firearm which was accidentally discharged and struck the Plaintiff." (*Id.* ¶ 6.) Next, "Count 2-Battery (In the Alternative)" states a slightly more detailed factual synopsis that alleges Troy Patteson "became angry with [Colin Patteson] because [Colin Patteson's] dog chewed [Troy's] Christmas lights." (*Id.* ¶ 13.) Troy

---

[2] At oral argument, the parties agreed that, despite the bare and general factual allegations in Count 1, Plaintiff in the underlying suit met the pleading standards for negligence in Virginia state courts.

6

Patteson then, allegedly, pulled out a handgun, pointed it at Colin Patteson, and shot him in the face. (*Id.* ¶¶ 14–16.)

Plaintiff cites to a number of cases to support the proposition that pleading negligence is not enough, but the facts in those cases involved clearly intentional conduct that courts found could not be considered negligent. *Builders Mut. Ins. Co. v. J.L. Albrittain, Inc.*, No. 1:19-cv-1315, 2020 WL 2297187, at *5–6 (E.D. Va. May 7, 2020) (finding no facts alleged in the complaint supported a claim of negligence); *Morris v. Travelers Indem. Co.*, 31 Va. Cir. 306 (Va. Cir. Ct. 1993); *Markel*, 2010 WL 370304, at *5.

In *Morris*, the underlying suit charged defendant with willful and wanton negligence and alleged that the defendant "wildly" shot a gun, resulting in injury to a sheriff. 31 Va. Cir. at 308. In that case, however, there was no contest that defendant's action of shooting the gun was intentional. *Id.* at 311. Instead, the question was whether the resulting injury was intentional. *Id.* The court found that the resulting injury was "expected" as defined under the policy and, thus, the willful and wanton negligent conduct was excluded from coverage despite the negligence label. *Id.* Here, in contrast, the alternate theories in the Amended State Complaint allege that Troy Patteson either intentionally shot the gun or, negligently handled the gun, which caused it to discharge. (Am. State Compl. ¶¶ 7, 16.) In other words, either the entire situation was negligent, or the entire situation was intentional.[3] Thus, the resulting injury is not necessarily an

---

[3] At the hearing, defense counsel noted that Troy Patteson claims the entire situation was an accident and will proceed under that theory in the state trial.

7

expected result of intentional conduct. Rather, it could have been the result of entirely negligent conduct.

Similarly, in *Markel*, the Court found that, while the complaint alleged a number of causes of action, "they all stemm[ed] from a singular series of intentional and illegal acts." 2010 WL 370304, at * 5. In the instant case, the Amended State Complaint alleges two alternate theories that, although contradictory, could each be possible. While the facts for the negligence claim are particularly sparse, the Court can envision a scenario where that theory succeeds in the underlying suit. Thus, because there is a possibility of a negligence judgment, which could be an occurrence as defined by the Policy, there is a duty to defend. *See CACI Int'l, Inc.*, 566 F.3d at 155.

Plaintiff additionally points to the "Expected or Intended Acts Exclusion" in the Policy, which excludes bodily injury "which is expected or intended by an 'insured.'" (Pl.'s Mem. Opp'n at 4.) Plaintiff cites to two cases where Virginia courts held that intentional shootings fell into the "Expected or Intended Acts Exclusion" and, therefore, there was no possibility of coverage. (*Id.* at 10); *see Travelers Indem. Co. v. Obenshain*, 245 S.E.2d 247 (Va. 1978); *Ins. Co. of N. Am. v. Davis*, 3 Va. Cir. 94 (Va. Cir. Ct. 1983). Both of these cases involved clearly intentional shootings, which the defendants attempted to characterize as accidental due to the shooter's mental capacity. *Obenshain*, 245 S.E.2d at 248–49; *Davis*, 3 Va. Cir. at 95–96. Unlike those cases, the underlying suit here does not involve such obvious intentional conduct, nor does the Amended State Complaint try and reclassify intentional conduct as negligent based on the shooter's

mental capacity.[4] As stated above, the Amended State Complaint does not allege a set of facts that is so obviously intentional that the negligence Count will clearly fail. Rather, it includes two alternate theories, one of which will succeed. Thus, based solely on the Amended State Complaint and the Policy, there is a possibility that a judgment in the underlying suit could be covered under the Policy. Therefore, there is a duty to defend. *See CACI Int'l, Inc.*, 566 F.3d at 155.

Further, Defendants argue that Plaintiff's request for declaratory judgment as to the duty to indemnify is "premature and should be dismissed without prejudice" pursuant to Rule 12(b)(1). Plaintiff concedes that if the Court finds Plaintiff has a duty to defend Troy Patteson, the request for a declaration on the duty to indemnify is premature. (Pl.'s Mem. Opp'n at 11.) The duty to indemnify is broader than the duty to defend and "[u]nlike the duty to defend . . . , a duty to indemnify springs from the facts actually discovered or proven at trial." *Penn Nat'l*, 754 F. Supp. 2d at 827. If a court finds there is no duty to defend, there is also no duty to indemnify. *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir. 2004); *see Builders Mut. Ins. Co. v. Futura Group, L.L.C.*, 779 F. Supp. 2d 529, 534 (E.D. Va. 2011); *Selective Way Ins. Co. v. Crawl Space Door System, Inc.*, 162 F. Supp. 3d 547, 552 (E.D. Va. 2016). Thus, because there is a duty to defend and the underlying trial has not happened, the request for declaratory judgment as

---

[4] The Amended State Complaint does allege that Troy Patteson was intoxicated, but this fact is included only in the alleged battery claim. (Am. State Compl. ¶ 15.)

to the duty to indemnify is premature at this time.[5] Accordingly, Defendants' Motions to Dismiss will be granted and the Court will dismiss the Complaint without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 18, 2022
Richmond, Virginia

---

[5] A two-day trial in the underlying suit is set for July 13 and 14 of this year.